BITTIGER ELIAS & TRIOLO P.C.
ROBERT A. DIEHL, ESQ. (022562009)
12 ROUTE 17 NORTH, SUITE 206
PARAMUS, NEW JERSEY 07652
TEL: (201) 438-7770
FAX: (201) 438-5726
*Attorneys for Defendant, Holly Fagan*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALTISOURCE S.À R.L., ALTISOURCE ONLINE AUCTION, INC., and REALHOME SERVICES AND SOLUTIONS, INC., | Hon. Anne E. Thompson, U.S.D.J. |
| Plaintiffs, | Civil Action No. 3:21-cv-03293-AET-TJB |
| v. | |
| MARTIN SZUMANSKI, JOEL PASCUA, ANTHONY DISANO, SAMARA SANTOS, HOLLY FAGAN, 1734 N SAWYER G LLC, KICHAN LEE, EVA CHIN, 201-203 E 9TH G LLC, 195 N 16TH EC LLC, 343-345 E 3RD G, LLC, 139 WASHINGTON G LLC, 69 SOUTH 9TH G LLC, 540 S CLINTON G LLC, 273 LIBERTY AVE G LLC, GEORGE BELLINO, AND NORMAN REMEDIOS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOLLY FAGAN'S MOTION TO DISMISS IN LIEU OF AN ANSWER**

Of Counsel and on Brief: Robert A. Diehl, Esq.
Motion Return Date: July 19, 2021

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**.…..……………………………………………1

**STATEMENT OF FACTS** ………………………………………………….....3

**LEGAL ARGUMENT**………………………………….………………10

**A.** **The First Count of the Plaintiffs' Amended Complaint Fails as to Defendant Ms. Fagan Because the Plaintiffs' Cannot Sustain a RICO Claim as a Matter of Law**………………………………………...12

**B.** **The Second Count of the Plaintiffs' Amended Complaint Likewise Fails as a Matter of Law as to Defendant Ms. Fagan**………………………...20

**C.** **The Plaintiffs' New Jersey RICO Claims Also Fail as to Ms. Fagan as a Matter of Law**…………………………………………………....21

**D.** **The Plaintiffs' Intentional Decision Not to Pursue a Common Law Fraud Claim Against Defendant Ms. Fagan Further Supports the Need for a Dismissal of the Federal and State RICO Claims**………………………26

**E.** **In The Absence of Any Other Cognizable Cause of Action, the Plaintiffs' Third Cause of Action Alleging a Civil Conspiracy Between the Defendants Must Also be Dismissed as a Matter of Law as to Defendant Ms. Fagan**………………………………………………....…..28

**F.** **The Plaintiffs Have Not Alleged Actual Harm or Injury And Therefore Do Not Have Standing to Bring the Present Claim**………………....…30

**G.** **The Plaintiffs' Unclean Hands Also Prevent the Relief Sought by Plaintiffs**……………………………………………………..…32

**CONCLUSION**…………………………………………………..34

## <u>TABLE OF AUTHORITIES</u>

**<u>Federal Case Law</u>**                                                                    **<u>Page(s)</u>**

*Amos v. Franklin Fin. Servs. Corp.*, 509 F. App'x 165, 167 (2013)………………...13

*Argueta v. United States Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011)……………………………………………………………………………....24

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009) …………………………..…..10,11

*Baldwin v. Hous. Auth*., 278 F. Supp. 2d 365, 373 (D.N.J. 2003)…………...…..3,11

*Banks v. Wolk*, 918 F.2d 418, 422-23 (3d Cir. 1990)  omitted)……………..……..18

*Bateman Eichler, Hill Richards, Inc. v. Berener*, 472 U.S. 299, 306………..…….33

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007))………………...…10, 11

*Cedric Kushner Promotions, Ltd. v. Kind*, 533 U.S. 158, 161 (2001)……..………14

*Chester County Intermediate Unit v. Penn. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990)…………………………………………………………………………...…11

*DaimlerChrylser Corp. v. Cuno*, 547 U.S. 332, 344 (2006) ………….………..…31

*District 1199P Health and Welfare Plan v. Janssen, L.P.,* 2008 U.S. Dist. LEXIS 103526, at *8 (D.N.J. Dec. 23) 2008))………………………………………..31

*Ford Motor Co. v. Edgewood Prop., Inc.*, 06 Civ. 1278, 06 Civ. 4266, 2009 U.S. Dist. LEXIS 4172, at *38 (D.N.J. 2009)………………………………………..22

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)……………....11

*Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991)…………….…30

*Germinaro v. Fid. Nat'l Title Ins. Co.*, 737 F. App'x 96, 102-103 (3d Cir. 2018)…..18

*Gilmore v. Berg*, 761 F. Supp. 358, 375 (D.N.J. 1991)……………………….....23

*Grant v. Turner*, Civil Action No. 09-2381 (GEB), 2011 U.S. Dist. LEXIS 49120, at *21-22 (D.N.J. 2011)…………………………………………………....12,19,23,27

*Hindes v. Castle*, 937 F.2d 868, 875 (3d Cir. 1991)………………………….…18

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)…………………………………………..…..14,16,18

*Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010)………………………………………………………………………11

*Hughes v. Consol-Pennsylvania Coal Co.*, 945 F.2d 594, 610-11 (3d Cir. 1991)…18

*In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 371 (3d Cir. 2010)……......13,15

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC), 2009 U.S. Dist. LEXIS 58900 (D.N.J. July 10, 2009)………………31

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991)…….16,18

*Kennedy Funding, Inc. v. Lion's Gate Dev.*, LLC, 05 Civ. 4741, 2006 U.S. Dist. LEXIS 21227, at *12 (D.N.J. 2006)……………………………………………22

*Kievit v. Rokeach*, Civil Action No. 86-2592, 1987 U.S. Dist. LEXIS 16131, at *83 (D.N.J. Oct. 29, 1987)……………………………………………………..…23

*Liberty Bell Bank v. Rogers*, 726 F. App'x 147, 151 (3d Cir. 2018)………....…14,16

*Lightning Lube, Inc. v. WITCO Corp.*, 4 F.3d 1153, 1192 (3rd Cir. 1993)…………20

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))…………………… ……31

*Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000)……………………...30,31,33

*Manhattan Telecomms. Corp. v. DialAmerica Mktg.*, 156 F. Supp. 2d 376, 380 (S.D.N.Y. 2001)……………………………………………………………..12,13

*Marshall-Silver Constr. Co. v. Mendel*, 894 F.2d 593 (3d Cir. 1990)…………….18

*McLaughlin v. American Tobacco Co.*, 522 F.3d 215, 228-29 (2d Cir. 2008)……..31

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)…………………………………………………………………………11

Parker v. Learn Skills Corp., 530 F.Supp.2d 661, 678 (D. Del. 2008)…………..…32

*Parness v. Christie*, Civil Action No. 15-3505 (JLL), 2015 U.S. Dist. LEXIS 109917, at *17 (D.N.J. Aug. 19, 2015)……………………………………..…..…..…..13,30

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)………………11

*Ross v. Celtron Int'l., Inc.*, 494 F. Supp. 2d 288, 302 (D.N.J. 2007)……………...24

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974))….3,11

*Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998)……………..…..13

*Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26 (1976)……………31

*Spencer Forrest, Inc. v. Folica, Inc.*, Civil Action No. 07-2471 (AET), 2009 U.S. Dist. LEXIS 140118, at *16-18 (D.N.J. Feb. 11, 2009)…………………………..31

*Tabas v. Tabas*, 47 F.3d 1280, 1293 (3rd Cir. 1995)……………………………...18

*Township of Marlboro v. Scannapieco*, 545 F.Supp.2d 452, 458 (D.N.J. 2008).….30

*W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010)……..…11

*Wolinetz v. Weinstein,* No. 08-5046, 2019 U.S. Dist. LEXIS 675, at *12 (D.N.J. Jan. 3, 2019)…..……………………………………………………………………..…..31

## New Jersey State Case Law                                        Page(s)

*Banco Popular North America v. Gandi*, 184 N.J. 161, 174 (2005)……….…..…..28

*Grippi v. Spalliero*, 2008 N.J. Super. Unpub. LEXIS 2754 (App. Div. 2008)…......24

*Mayo v. Pollack*, 351 N.J. Super. 486, 500-501, 799 A.2d 12 (App. Div. 2002)…..22

*Maxim Sewerage Corp. v. Monmouth Ridings*, 273 N.J. Super. 84, 91, 640 A.2d

1216, 1219 (Law Div. 1993)………………………………………….…..24,27

*Rebish v. Great Gorge*, 224 N.J. Super. 619, 627 (App. Div. 1988)…………..…24

*State v. Ball*, 141 N.J. 142, 168 (1995)………………………………….…..23,24

**Rules of Civil Procedure**                                                      **Page(s)**
Fed. R. Civ. P.12(b)(6)………..……………………………………..1,2,3,10

Fed. R. Civ. P.9………..…………………………...………….………………..12

Fed. R. Civ. P.9(b)………..………………………...………………………..12

**Statutes**                                                                      **Page(s)**
18 U.S.C. § 1962(c)………………………….…………….………1,12,13,14,15,16,20

18 U.S.C. § 1962(d)……………………………………...………………2,20

N.J.S.A. § 2C:41-2………………………………………………………....2,26

N.J.S.A. § 2C:41-2(d)……………………………………………..…2,23,26

18 U.S.C. § 1964(c)……………………………………………………13,30

18 U.S.C. § 1961(5)……………………………………...……....14,16

N.J.S.A. § 2C:41-1.1……………………………………………..……...22

N.J.S.A. § 2C:41-2(c)………………………………………………….22

N.J.S.A. § 2C:41-1(a)…………………………………………………..…23

## PRELIMINARY STATEMENT

Although Defendant Holly Fagan ("Ms. Fagan"), who only purchased one (1) of the subject properties for the purpose of being her primary residence and has never met or communicated with any of the co-defendants in this action, denies any and all wrongdoing and considers herself to be a victim of the conduct alleged by the Plaintiffs and allegedly undertaken by one (1) of the Plaintiffs' officers, it is clear from the face of the Amended Complaint that the Plaintiffs' claims against Ms. Fagan cannot be sustained as a matter of law.  As a result, it is respectfully submitted that such claims must be dismissed as to Ms. Fagan pursuant to Federal Rule of Civil Procedure 12(b)(6) at this time.

More specifically, given the very limited allegations made as to the Defendant Ms. Fagan, it is clear that the Plaintiffs cannot sustain their claims against Ms. Fagan as a matter of law.  In this regard, it is notable that the Plaintiffs have not even attempted to assert a common law fraud claim against Ms. Fagan (Fourth Count), which speaks to Ms. Fagan's extremely limited involvement with the events alleged in the Amended Complaint.   Instead, however, and despite conceding that they cannot sustain a common law fraud claim against Ms. Fagan, the Plaintiffs have sought to bootstrap claims against Ms. Fagan to those of the other defendants as follows: an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c) (First Count); an alleged violation of RICO

under 18 U.S.C. § 1962(d) (Second Count); an alleged civil conspiracy (Third Count); an alleged violation of the New Jersey Racketeer Influenced and Corrupt Organization Act ("New Jersey RICO") under N.J.S.A. § 2C:41-2 (Fifth Count); and an alleged New Jersey RICO civil conspiracy under N.J.S.A. § 2C:41-2d (Sixth Count).  Given the incredible gravity of, and the significant heightened pleading requirements associated with, such claims, as well as the fact that the Plaintiffs have conceded that they cannot even sustain a common law fraud claim against Ms. Fagan, an analysis of each specific cause of action makes clear that the claims alleged as to Ms. Fagan must be dismissed at this time, with prejudice, as a matter of law.

As such, it is respectfully requested that the Plaintiffs' Amended Complaint be dismissed, with prejudice, as to Defendant Ms. Fagan pursuant to Federal Rule of Civil Procedure 12(b)(6) at this time.

## <u>STATEMENT OF FACTS</u>

Although the Defendant Ms. Fagan expressly denies wrongdoing of any kind and expressly rejects and objects to the Plaintiffs' improper allegations of criminal conduct in this civil proceeding, it is acknowledged that, because the present application has been filed as a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), it necessary for each of the factual allegations of the Amended Complaint to be accepted as true for the purposes of the present motion.  *Baldwin v. Hous. Auth.*, 278 F. Supp. 2d 365, 373 (D.N.J. 2003);  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)).  As a result, it is respectfully submitted that the following relevant facts, even if accepted as true solely for the purposes of this motion, support the dismissal of the Amended Complaint as to Ms. Fagan at this time:

1.     Defendant Ms. Fagan's alleged involvement in this matter is extremely limited, as she was the purchaser of one (1) of the nine (9) properties which the Plaintiffs allege are implicated by the allegations of the Amended Complaint. (<u>See</u>, a true and correct copy of the Plaintiffs' Amended Complaint attached to the Certification of Robert A. Diehl, Esq. ("Diehl Cert.") as "Exhibit A," at ¶¶81-96).

2.     Despite alleging a general conspiracy between the defendants, the Plaintiffs have not, and presumably cannot, allege any actual communications

between Ms. Fagan and any of the co-defendants who the Plaintiffs allege were the wrongdoers in this action.  (See, "Exhibit A" to Diehl Cert., generally).

3.     In fact, the allegations of the Amended Complaint include only a single allegation of conduct which is specific to Defendant Ms. Fagan, that being Ms. Fagan's execution of a Purchase and Sale Agreement for the property located at 10 Oakland Court in Matawan, New Jersey (the "Matawan Property" or the "Home"). (See, "Exhibit A" to Diehl Cert., at ¶89).

4.     In fact, despite the Matawan Property being the first property which the Plaintiffs allege was implicated in the alleged scheme which is the subject of the Amended Complaint, and despite the Plaintiffs later alleging that Defendant Martin Szumanski ("Defendant Szumanski") and Defendant Norman Remedios ("Defendant Remedios") discussed a potential problem with having one (1) specific Defendant, Kichan Lee, purchase too many properties, there is no allegation that Ms. Fagan ever participated in any conduct beyond her purchase of the Matawan Property which the Plaintiffs allege took place over the course of approximately forty-five (45) days.  (See, "Exhibit A" to Diehl Cert., at ¶65 and ¶¶81-96).

5.     Critically, the single, finite, alleged action of purchasing a single home does not on its own support the significant allegations set forth as to Ms. Fagan in the Plaintiffs' Amended Complaint.

6.      Further, and in addition to the omission of any allegation specific to Ms. Fagan that she took part in multiple, related and continuous predicate acts, the Amended Complaint also omits numerous other more finite allegations, the basis of which certainly would have been available to the Plaintiffs had the basis to make any such claim existed.

7.      Specifically, the Amended Complaint omits any allegations as to Ms. Fagan concerning any specific communications and/or misrepresentations she allegedly made, as well as any details concerning how Ms. Fagan became aware of the subject property which she ultimately purchased, each of which would have presumably been available to the Plaintiffs and included in the pleading if such details were in any way supportive of the Plaintiffs' claims.  (See, "Exhibit A" to Diehl Cert., generally).

8.      These pleading omissions as to Ms. Fagan are relevant to the present motion because, despite alleging that the Plaintiffs' own officer, specifically the Plaintiffs' "Senior Manager, Asset Management – Settlement Oversight," Defendant Remedios, provided a written admission of his alleged conduct, there is no specific allegation that Ms. Fagan was actually involved in the alleged scheme and conduct of Defendant Remedios and Defendant Szumanski. (See, "Exhibit A" to Diehl Cert., generally).

9.     Instead, the Plaintiffs have simply made general and unsupported allegations concerning Ms. Fagan's alleged involvement with the alleged scheme. (See, "Exhibit A" to Diehl Cert., generally).

10.     Such general allegations are not sufficient to overcome the present Motion to Dismiss on the pleadings.

11.     In a presumed effort to make up for such clear insufficiencies of their claims as to Ms. Fagan, the Plaintiffs have then attempted throughout their Amended Complaint to group the various defendants in the context of the pleading without a legitimate basis to do so.

12.     More specifically, the Plaintiffs have made various allegations concerning Defendant Ms. Fagan as one (1) of the "Buyer Defendants" despite Ms. Fagan's incredibly limited role in the events alleged in the Amended Complaint in purchasing a single property of the nine (9) properties the Plaintiffs allege are the subject of this action.

13.     In fact, and again, the Plaintiffs ignore the fact that even Ms. Fagan's *alleged* involvement is limited to a single purchase over the course of approximately forty-five (45) days, without any further or subsequent acts which were in any way related to the more global scheme alleged in the Amended Complaint.

14.     Incredibly, and despite the extremely limited scope of even the *alleged* involvement of Defendant Ms. Fagan, the Plaintiffs then proceed to make numerous

allegations as to the totality of Defendants, used in the cumulative and general sense, thereby attempting to bootstrap claims against Ms. Fagan to those of the other defendants.

15.     Such a strategy is improper, however, as the Plaintiffs cannot be permitted to globally conflate the extremely limited claims against Ms. Fagan, with those of the other defendants for pleading purposes, given the disparity in the allegations being made against such co-defendants.

16.     For instance, the Plaintiffs have alleged that Defendant Szumanski was the "ringleader" and "mastermind" of the alleged scheme who facilitated the totality of alleged misconduct in the Amended Complaint, which the Plaintiffs allege involved the sale of nine (9) specific properties and the attempted sale of other properties, over a several month period. (See, "Exhibit A" to Diehl Cert., generally).

17.     The Plaintiffs have then further alleged that their own officer and agent, specifically the Plaintiffs' "Senior Manager, Asset Management – Settlement Oversight," Defendant Remedios, utilized the Plaintiffs' own business and confidential records for improper means in order to effectuate the alleged scheme. (See, "Exhibit A" to Diehl Cert., at ¶¶53-54).

18.     The Plaintiffs have also named Defendant George Bellino ("Defendant Bellino"), a prior employee of Plaintiff RHSS, who the Plaintiffs allege made the introduction of Defendants Szumanski and Remedios and thereafter assisted them in

formulating and undertaking the alleged scheme through which the alleged misconduct took place. (See, "Exhibit A" to Diehl Cert., at ¶52).

19.     Again, in contrast, the Plaintiffs have admitted that even the *alleged* involvement of Defendant Ms. Fagan, a New Jersey resident, was limited to the purchase of a single home, also located in the State of New Jersey, over the span of approximately forty-five (45) days. (See, "Exhibit A" to Diehl Cert., at ¶¶81-96).

20.     Such disparity is then, in fact, admitted by the Plaintiffs, who allege at paragraph 76 of their Amended Complaint that "[t]he fraudulent scheme carried out by Defendants enabled the Buyer Defendants to purchase the Impacted Properties by circumventing the legitimate Hubzu bidding process and enabled the Buying Agent Defendants, and the Conspiring Employee Defendants to receive commissions and kickbacks from the property sales", thereby drawing a clear distinction between the alleged fraudulent scheme and the Buyer Defendants.  (See, "Exhibit A" to Diehl Cert., at ¶76).

21.     Such a concession is then repeated in paragraph 272 of the Amended Complaint, specifically in the Fourth Count alleging common law fraud which intentionally omits Defendant Ms. Fagan, wherein the Plaintiffs allege that:

> Defendants Szumanski, Remedios and Bellino overtly participated in the agreement and plan to defraud Plaintiffs and their seller clients by knowingly conspiring and colluding with each other to enable the Buyer Defendants to purchase the Impacted Properties with the Buying Agent Defendants and the Conspiring Employee Defendants reaping the benefits of the sales through commissions and kickbacks.

As such, the Plaintiffs have again conceded a distinction between the alleged scheme which is the subject of this action and any conduct of the Defendant Buyers, with whom the Plaintiffs have sought to group Defendant Ms. Fagan.  (See, "Exhibit A" to Diehl Cert., at ¶272).

22.     While an objection is again raised to the Plaintiffs' attempts to group Defendant Ms. Fagan with the other "Buyer Defendants" given Ms. Fagan's incredibly limited involvement with only one (1) of the alleged events set forth in the Amended Complaint, it is noted that, given that the Plaintiffs have themselves drawn such a distinction between the alleged scheme and the "Buyer Defendants," such a distinction must be considered in the context of the present motion before the Court.

23.     It is also noted that, despite such disparity in claims against the various Defendants, the Plaintiffs' Amended Complaint also demands that the Defendants all be held jointly and severally liable for treble damages under RICO and New Jersey RICO.  (See, "Exhibit A" to Diehl Cert., at ¶4).

24.     Again, such a pleading mechanism is improper given the significant deficiencies and limitations in the claims which are specific to Defendant Ms. Fagan, and the inability of the Plaintiffs to independently sustain their claims against Ms. Fagan in this action.

9

25.     As a result, and as set forth in detail herein, claims should be dismissed as to Ms. Fagan at this time.

## LEGAL ARGUMENT

Here, even if the Plaintiffs' allegations against Ms. Fagan are viewed as true solely for the purposes of the present motion, the Plaintiffs' Amended Complaint must still be dismissed with prejudice as to Ms. Fagan for a failure to state a viable cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"The reviewing court must accept as true all well pleaded allegations in the Complaint and view them in the light most favorable to the plaintiff." *Baldwin v. Hous. Auth.*, 278 F. Supp. 2d 365, 373 (D.N.J. 2003) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).)  "In resolving a Rule 12(b)(6)

motion, a court must focus its inquiry on the allegations in the Complaint, although

matters of public record, orders, items appearing in the record of the case and

exhibits attached to the Complaint may also be taken into account." *Id*. (*citing*

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir.

1994); *Chester County Intermediate Unit v. Penn. Blue Shield*, 896 F.2d 808, 812

(3d Cir. 1990)).)

> The Third Circuit Court of Appeals has explained:
>
> Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court held that to satisfy Rule 8, a complaint must contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief plausible. *Id*. at 556, 569 n.14; *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc*., 602 F.3d 237, 246 (3d Cir. 2010); *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). In determining whether a complaint is sufficient, courts should disregard the complaint's legal conclusions and determine whether the remaining factual allegations suggest that the plaintiff has a plausible—as opposed to merely conceivable—claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

*W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).  Where

fraud is alleged, however, claimants have a heightened standard, and Federal Rule

of Civil Procedure 9 requires allegations of fraud to be made with particularity of

the circumstances constituting the alleged fraud or mistake.

As set forth herein, the Plaintiffs have failed to satisfy their pleading obligation as to Defendant Ms. Fagan.

A. **The First Count of the Plaintiffs' Amended Complaint Fails as to Defendant Ms. Fagan Because the Plaintiffs' Cannot Sustain a RICO Claim as a Matter of Law**

Even accepting the Plaintiffs' allegations as true solely for the purposes of the present motion, the Plaintiffs cannot sustain a RICO claim as a matter of law.  As a result, the Plaintiffs' First Cause of Action, which alleges a violation of RICO under 18 U.S.C. § 1962(c), must be dismissed at this time.

RICO makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "Because the mere assertion of a RICO claim … has an almost inevitable stigmatizing effect on those named as defendants, … courts should strive to flush out frivolous RICO allegations at an early stage of litigation." *Grant v. Turner*, Civil Action No. 09-2381 (GEB), 2011 U.S. Dist. LEXIS 49120, at *21-22 (D.N.J. 2011) (*reversed, in part, on other grounds*) (*citing Manhattan Telecomms. Corp. v. DialAmerica Mktg.*, 156 F. Supp. 2d 376, 380 (S.D.N.Y. 2001)).   This Court has further held that "Courts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's

trendy garb." (*Id.*) (*citing Manhattan Telecomms. Corp., supra, and Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998)).

In order to allege racketeering under RICO § 1962(c), a plaintiff must show 1) an enterprise affecting interstate commerce, 2) in which the defendant was associated, 3) and in the conduct or affairs of which the defendant participated, 4) through a pattern of racketeering activities. *Parness v. Christie*, Civil Action No. 15-3505 (JLL), 2015 U.S. Dist. LEXIS 109917, at *17 (D.N.J. Aug. 19, 2015)[1] (*citing Amos v. Franklin Fin. Servs. Corp.*, 509 F. App'x 165, 167 (2013)).  A plaintiff must also demonstrate that it suffered harm as a proximate result of the RICO activity about which it complains. 18 U.S.C. § 1964(c).

It is not enough to allege that a defendant is merely associated with an enterprise, nor may a plaintiff assert in conclusory fashion that a defendant has participated in the operation of the enterprise. Instead, a plaintiff must plead facts sufficient to establish that each defendant participated in the enterprise's operation through a pattern of racketeering activity. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 371 (3d Cir. 2010).

Specifically, to establish a pattern of racketeering, a plaintiff must show that each defendant committed at least two (2) predicate acts of racketeering within a ten

---

[1] A true and correct copy of each unpublished decision cited herein has been attached to the accompanying Certification of Robert A. Diehl. Esq.

(10) year period. 18 U.S.C. § 1961(5). However, RICO liability does not flow from the commission of two (2) random and unconnected criminal acts. *Liberty Bell Bank v. Rogers*, 726 F. App'x 147, 151 (3d Cir. 2018) (*citing H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)). Instead, the predicate acts must be related to one another *and* must pose a threat of continuing criminal activity. (*Id.*)

Here, the Plaintiffs are completely unable to sustain their RICO cause of action pursuant to 18 U.S.C. § 1962(c) as it pertains to Ms. Fagan.

First, the Plaintiffs have alleged that the named Defendants, collectively, formed an enterprise within the purview of RICO.   (See, "Exhibit A" to Diehl Cert., at ¶226).   Such an allegation is not proper, however, as the Supreme Court has explained that a RICO claim requires, as a "basic principle" to establish liability under RICO § 1962(c), the existence of "two distinct entities" – a person and an enterprise.  *Cedric Kushner Promotions, Ltd. v. Kind*, 533 U.S. 158, 161 (2001) (confirming that the alleged enterprise cannot simply be the person, by a different name).  As such, the Plaintiff has failed to properly set forth an allegation of an enterprise separate and distinct from the individual Defendants, as required for a RICO claim.

The remaining three (3) elements of a RICO claim also have not been satisfied as to Ms. Fagan.  Specifically, per the Plaintiffs' own allegations, the scope of involvement of Ms. Fagan, a New Jersey resident, was limited to Ms. Fagan's purchase of a home in Matawan, New Jersey.  (See, "Exhibit A" to Diehl Cert., at ¶65 and ¶¶81-96).  In fact, the portion of the Plaintiffs' Amended Complaint which specifically pertains to the Matawan Property, specifically paragraphs 81 through 96, alleges **no** specific or affirmative action on the part of Defendant Ms. Fagan other than Ms. Fagan's execution of a Purchase and Sale Agreement for the Matawan Property.  (*Id*.).  In contrast, each of the affirmative actions of alleged misconduct concerning the Matawan Property – the alleged failure to place the property back into auction, the alleged emails discussing the buyer and the sale of the Property, the alleged rejection of other offers and acceptance of Ms. Fagan's offer, alleged failure to notify seller of higher bids, and alleged receipt of improper "kickbacks" – are all alleged as to Defendants Szumanski, Pascua, Remedios, and Bellino, not Ms. Fagan. (*Id*.).

As a result, the remaining three (3) required elements of a RICO § 1962(c) claim have not been alleged as to Ms. Fagan.  Specifically, the Plaintiffs have not substantively alleged that Ms. Fagan was, in fact, associated with the Defendants' alleged scheme.  The Plaintiffs have also failed to allege that the Defendant Ms. Fagan substantively participated in any way regarding such an alleged scheme.

Again, per *In re Ins. Brokerage Litig.*, *supra*, the Plaintiffs were obligated to plead with specificity and cannot rely upon such general and conclusory allegations to support the association and participation prongs of the Plaintiffs' RICO claim.  As a result, the second and third required elements for the Plaintiffs' § 1962(c) claim have not been met.

Further, the Plaintiffs have not specifically argued, nor do they have any basis to do so, that Ms. Fagan's purchase of a single property constituted a "pattern of racketeering activities."  Again, in order to satisfy this prong, the Plaintiffs were obligated to show that Ms. Fagan engaged in at least two (2) related predicate acts of racketeering that pose a threat of continuing criminal activity. 18 U.S.C. § 1961(5); *see also, Liberty Bell Bank, supra,* at 151 *and H.J. Inc. v. Northwestern Bell Telephone Co.*, *supra*, at 239.  Given that the Plaintiffs' own Complaint acknowledges Ms. Fagan's extremely limited role in this matter, the Plaintiffs clearly cannot satisfy this prong as a matter of law.   The Supreme Court has repeatedly confirmed that proof of a pattern requires a showing that the alleged acts of racketeering are both related *and*  are either continuous or post a threat of continued criminal activity. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991).  Continuity can be either "closed-ended" or "open-ended." *H.J. Inc. v. Northwestern Bell Telephone Co.*, *supra*, at 241 (*citation omitted*). Closed-ended continuity refers to a completed period of repeated conduct, whereas open-

ended continuity "involves past conduct that by its nature projects into the future with a threat of repetition." *Id*. at 241.

First, the Plaintiffs have not alleged at least two (2) specific related and predicate acts to support this claim. Second, and potentially most importantly, the Plaintiffs have not claimed, nor can they, that Ms. Fagan's limited involvement in the events alleged in the Amended Complaint – the purchase of a single home which, per their allegations was consummated in a forty-five (45) day period - constituted a continuing threat of criminal activity. As such, the First Count of the Amended Complaint fails for these reasons alone as a matter of law.

Further, however, the Plaintiffs are also completely unable to establish the continuity element as required by law. Specifically, as the Plaintiffs' have conceded that even Ms. Fagan's *alleged* involvement in this matter was limited to the purchase of a single home within a forty-five (45) day period, and have further alleged that the Plaintiffs put a stop to the alleged conduct of the Defendants by terminating the Plaintiffs' own officer who was allegedly facilitating the alleged scheme, the Plaintiffs' RICO allegations are, on their face, close-ended allegations. Pursuant to established Third Circuit precedent, the Plaintiffs cannot sustain such a claim as a matter of law.

Specifically, to establish close-ended continuity, Plaintiffs must allege a "series of related predicates extend[ed] over a substantial period of time." *H.J. Inc. v. Northwestern Bell Telephone Co.*, *supra*, at 242. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement" because "Congress was concerned in RICO with long-term criminal activity." *Id*. While the Supreme Court has not defined what period of time is considered "substantial," the Third Circuit has repeatedly stated that conduct lasting less than one (1) year does not satisfy RICO's continuity requirement. *Tabas v. Tabas*, 47 F.3d 1280, 1293 (3rd Cir. 1995) ("Since H.J. Inc., this court has faced the question of continued racketeering activity in several cases, each time finding that conduct lasting no more than twelve months did not meet the standard for closed-ended continuity.") (*citing  Hughes v. Consol-Pennsylvania Coal Co.*, 945 F.2d 594, 610-11 (3d Cir. 1991) (alleged fraudulent conduct lasting twelve (12) months insufficient to establish closed-ended continuity); *Hindes v. Castle*, 937 F.2d 868, 875 (3d Cir. 1991) (eight (8) month period of predicate acts without a threat of future criminal conduct insufficient to satisfy continuity requirement); *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1413 (3d Cir. 1991); *Banks v. Wolk*, 918 F.2d 418, 422-23 (3d Cir. 1990)  omitted); and *Marshall-Silver Constr. Co. v. Mendel*, 894 F.2d 593 (3d Cir. 1990); *See also, Germinaro v. Fid. Nat'l Title Ins. Co.*, 737 F. App'x 96, 102-103 (3d Cir. 2018) (dismissing RICO claim because nine and one-

half month Ponzi scheme is not substantial enough to establish closed-ended continuity)).

Here, because the Plaintiffs' Amended Complaint alleges that the involvement of the Defendant Ms. Fagan was limited to a period of approximately forty-five (45) *days*, which would have been based upon the Plaintiffs' own auction data concerning when the subject Matawan Property was in the system for auction and the Plaintiffs' own officer Defendant Remedios' alleged admissions, the Plaintiffs' claims clearly do not, and cannot, satisfy the continuity element as required by law.

As a result,  the First Count of the Plaintiffs' Amended Complaint must be dismissed as to Ms. Fagan as a matter of law.

It is further respectfully submitted that the manner in which the Plaintiffs' Amended Complaint has been drafted warrants and requires dismissal as well. Specifically, this Court has previously made clear that claimants should not be permitted to alleged RICO claims which they cannot otherwise substantiate in effort to intimidate defendants, which is exactly what the Plaintiffs have sought to do in this matter.  *Grant*, *supra*, at *21-22.  In fact, the Plaintiffs go so far as to make numerous references to alleged criminal and illegal activities throughout the Amended Complaint, despite the fact that this is a civil proceeding, which makes

clear that the Plaintiffs were intentionally seeking to stigmatize and intimidate the Defendants, despite the Plaintiffs' inability to substantiate such claims *or even litigate them in this proceeding*. Such conduct or practice should not be permitted and the Plaintiffs' Amended Complaint should be dismissed on this basis as well.

**B. The Second Count of the Plaintiffs' Amended Complaint Likewise Fails as a Matter of Law as to Defendant Ms. Fagan**

Once the substantive allegations of the Plaintiffs' First Cause of Action are dismissed, the Second Cause of Action, which alleges a conspiracy under RICO pursuant to 18 U.S.C. § 1962(d), must also be dismissed as a matter of law.

Specifically, the Third Circuit has held that "any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube, Inc. v. WITCO Corp.*, 4 F.3d 1153, 1192 (3rd Cir. 1993).

Here, this is exactly what the Plaintiffs have alleged, a conspiracy to engage in the conduct the Plaintiffs alleged was violative of 18 U.S.C. § 1962(c). As a result, the failure of the Plaintiffs' First Cause of Action must therefore result in the dismissal of the Second Cause of Action as well.

It is also noted that, in addition to not making any reference to Ms. Fagan by name in the Second Count of the Amended Complaint, the alleged conduct does not implicate Ms. Fagan in any way. Specifically, the Plaintiffs' have alleged that the conspiracy for which they are seeking relief in the Second Count of the Amended

Complaint consisted of the following: "(a) shar[ing] confidential property information including property pricing information; (b) manipulat[ing] Hubzu auctions; (c) misrepresent[ing] property values to sellers; (d) mak[ing] each of the Fraudulent Representations; and (e) plac[ing] fraudulent bids on properties, all for the purpose of profiting from fraudulent sales of each of the Impacted Properties." (See, "Exhibit A" to Diehl Cert., at ¶254). None of these allegations, however, pertain to conduct which the Plaintiffs allege Ms. Fagan participated in. As a result, even on the face of their pleading, the Plaintiffs' conspiracy allegation does not implicate, and certainly cannot be substantiated as to, Ms. Fagan.

As such, the Second Count of the Plaintiffs' Amended Complaint must clearly be dismissed as to Ms. Fagan as a matter of law.

## C.  **The Plaintiffs' New Jersey RICO Claims Also Fail as to Ms. Fagan as a Matter of Law.**

In addition to the fact that the Plaintiffs' allegations do not support a claim against Ms. Fagan under New Jersey RICO, the clearly articulated purpose of New Jersey's RICO statute, which focuses upon organized crime, is entirely inapplicable to the allegations made as to Defendant Ms. Fagan, the buyer of a single home in Matawan, New Jersey. As such, it is respectfully requested that such claims, which are specifically articulated as the Fifth and Sixth Causes of Action in the Amended Complaint, be immediately rejected and dismissed by this Court as to Defendant Ms. Fagan as well.

New Jersey RICO is targeted to "organized crime and organized crime type activities," N.J.S.A. § 2C:41-1.1, and makes it unlawful for anyone associated with an enterprise engaged in or associated with commerce to participate in the conduct of the enterprise through a pattern of racketeering. N.J.S.A. § 2C:41-2(c).

To establish an entitlement to relief for a violation of New Jersey RICO, a plaintiff must prove: 1) the existence of an enterprise; 2) engaged in or conducting activities affecting commerce; 3) in which the defendant was associated; 4) and engaged in the conduct of the enterprise's affairs; and 5) that defendant's participation in the conduct of the enterprise was done through a pattern of racketeering activity. *Ford Motor Co. v. Edgewood Prop., Inc.*, 06 Civ. 1278, 06 Civ. 4266, 2009 U.S. Dist. LEXIS 4172, at *38 (D.N.J. 2009). In addition, a private plaintiff seeking money damages must allege that it was injured as a result of the alleged New Jersey RICO violation. N.J.S.A. § 2C:41-4(c).

Further, and also similar to the federal analysis, to specifically establish a pattern of racketeering, a plaintiff must establish that a defendant committed at least two (2) acts of racketeering activity and that the acts are continuous and related such as to form in combination a pattern. *Kennedy Funding, Inc. v. Lion's Gate Dev.*, LLC, 05 Civ. 4741, 2006 U.S. Dist. LEXIS 21227, at *12 (D.N.J. 2006) (*citing Mayo v. Pollack*, 351 N.J. Super. 486, 500-501, 799 A.2d 12 (App. Div. 2002)). Acts

constituting racketeering are listed in N.J.S.A. § 2C:41-1(a)[2]. Liability under New Jersey RICO cannot arise because of limited, sporadic, or incidental criminal acts. *State v. Ball*, 141 N.J. 142, 168 (1995) (citations omitted). And where a plaintiff alleges a predicate act based on fraud, its allegations must comport with Fed. R. Civ. P. 9(b), meaning that it must plead its allegations with particularity. *Kennedy Funding, supra* at *13.

Notably, this Court has also held that "[t]he virtual identity of the Federal and New Jersey RICO Acts permits the Court to interpret them in a consistent manner." *Kievit v. Rokeach*, Civil Action No. 86-2592, 1987 U.S. Dist. LEXIS 16131, at *83 (D.N.J. Oct. 29, 1987); *accord Gilmore v. Berg*, 761 F. Supp. 358, 375 (D.N.J. 1991).

Turning to the Sixth Cause of Action alleging New Jersey RICO conspiracy, and while the laundry list of criminal conduct which implicates New Jersey RICO is not reiterated herein, N.J.S.A. § 2C:41-2(d) makes it unlawful to conspire to commit a RICO offense. Two (2) elements are required to establish a claim for conspiracy

---

[2] Given the fact that the mere filing of the Plaintiffs' unsupported RICO claims has improperly created a public record of allegations against Defendant Ms. Fagan which cannot be substantiated as a matter of law, thereby subjecting Ms. Fagan to the negative stigma associated with such claims which this Court articulated in *Grant v. Turner*, 09 Civ. 2381 (GEB), 2011 U.S. Dist. LEXIS 49120, at *21-22 (D.N.J. 2011), the list of potential racketeering activities as articulated at N.J.S.A. § 2C:41-1(a) has not been reiterated herein in attempt to mitigate the potential damage caused by the Plaintiffs' Amended Complaint.  It is respectfully submitted, however, that a cursory review of the conduct enumerated at N.J.S.A. § 2C:41-1(a) further articulates the level to which the Plaintiffs have overreached in connection with their allegations as to the Defendant Ms. Fagan and further supports the need for this Court to immediately reject and dismiss such claims at this time.

under N.J. RICO: 1) an agreement between conspirators to violate RICO which consists of an agreement to participate in the conduct of the affairs of the RICO enterprise and an agreement to commit at least two (2) predicate acts; and 2) the existence of a RICO enterprise. *Ross v. Celtron Int'l., Inc.*, 494 F. Supp. 2d 288, 302 (D.N.J. 2007) (*citing State v. Ball*, *supra*, at 176).

Because of the significant ramifications associated with accusations of violations of New Jersey RICO, New Jersey courts have acknowledged a need to take special care in examining allegations that defendants have violated New Jersey RICO. *Maxim Sewerage Corp. v. Monmouth Ridings*, 273 N.J. Super. 84, 91, 640 A.2d 1216, 1219 (Law Div. 1993). Specifically, New Jersey courts are to: 1) examine federal RICO jurisprudence when examining motions to dismiss; 2) examine the pleadings with care to avoid strike suits; and 3) enforce the heightened pleading requirements for fraud when the RICO case is built upon allegations of fraud. (*Id.*).

Further, general and conclusory allegations are insufficient to state a claim under New Jersey RICO. *Argueta v. United States Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011); *see also Grippi v. Spalliero*, 2008 N.J. Super. Unpub. LEXIS 2754, at *16 (App. Div. 2008) (affirming dismissal of N.J. RICO complaint because "plaintiffs failed to plead sufficient facts to support their claims" under New Jersey's RICO Act); *Rebish v. Great Gorge*, 224 N.J. Super. 619, 627 (App. Div.

1988) (affirming dismissal of New Jersey RICO claim because the plaintiff failed to identify a specific pattern of racketeering and further failed "to distinguish whether a person or enterprise carried out the alleged activity[,]" each of which the Court found to be essential elements to the New Jersey RICO claim).

Here, where the Plaintiffs have intentionally omitted Ms. Fagan from their common law fraud claims, the Plaintiffs clearly cannot satisfy their heightened standard under New Jersey RICO as to Ms. Fagan. More specifically, and as articulated in connection with the Plaintiffs' Federal RICO claims, the Plaintiffs have not alleged the requisite predicate acts to substantiate a pattern of conduct as to Ms. Fagan. Instead, the Plaintiffs have pointed to a single alleged act, the execution of a Purchase and Sale Agreement for the Home, as the basis for the Plaintiffs' incredibly significant RICO allegations under both federal and State laws. (See, Exhibit A to Diehl Cert., at ¶81-96). From there, the Plaintiffs have made nothing beyond conclusory and general claims concerning all of the Defendants as a whole, without alleging, in any way, how the Defendant Ms. Fagan actually participated in the alleged conduct of the other Defendants. Given the level of detail to which the Plaintiffs have articulated their claims against certain co-defendants, going so far as to allege that the Defendant Remedios admitted to the alleged scheme to the Plaintiffs in writing and provided the Plaintiffs with his WhatsApp messages, the omission of any specific detail or allegation as to Defendant Ms. Fagan is telling and

makes clear that the Plaintiffs cannot substantiate the significant claims which they have sought to bring against Defendant Ms. Fagan.  Given the nature of such RICO claims, and both the federal and state Courts' emphasis on the fact that unsubstantiated RICO claims cannot be permitted to continue given the significant stigma associated with such claims, it is clear that the Plaintiffs' New Jersey RICO claims must also be dismissed as to Defendant Ms. Fagan as a matter of law.

As a result, the Fifth Cause of Action in the Plaintiffs' Amended Complaint, which alleges a violation of New Jersey RICO under N.J.S.A. § 2C:41-2, and the Plaintiffs' Sixth Cause of Action, which alleged New Jersey RICO civil conspiracy under N.J.S.A. § 2C:41-2d, must both be dismissed as to Defendant Ms. Fagan as a matter of law at this time.

### D. The Plaintiffs' Intentional Decision Not to Pursue a Common Law Fraud Claim Against Defendant Ms. Fagan Further Supports the Need for a Dismissal of the Federal and State RICO Claims

It is again noted that the Plaintiffs intentionally omitted Ms. Fagan from the Fourth Cause of Action in the Amended Complaint, which alleged common law fraud, and which would have carried a lower burden of proof at the pleading stage than the various RICO claims the Plaintiffs have instead chosen to focus upon.  It is respectfully submitted that such an intentional omission is, in and of itself, an admission of the fact that the Plaintiffs cannot sustain their federal and State RICO claims as to Defendant Ms. Fagan as a matter of law.

For the Court's reference, it is noted that the Plaintiffs have chosen to proceed with their common law fraud claim as to Defendants Szumanski, Remedios and Bellino only.  (See, "Exhibit A" to Diehl Cert., at ¶¶269-280).  As this Court has made clear, however, RICO claims, as have been made in this case, require a standard beyond the mere elements of common law fraud.  (See, Grant, supra, at *21-22) ("Courts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb.").  Such a heightened standard has also been articulated on the State Court level, with New Jersey's Appellate Division confirming that a heightened standard is necessary given the gravity of New Jersey RICO allegation.  (See, Maxim Sewerage, supra, at 91).  As a result, the Plaintiffs' omission of the Defendant Ms. Fagan from their common law fraud claim is indicative of the Plaintiffs' inability to substantiate their separate RICO claims as a matter of law.  As a result, and while the Fourth Count of the Amended Complaint has omitted any claims against Ms. Fagan, the Count is nonetheless relevant to the present analysis before the Court and further supports the dismissal of each of the RICO claims as to Ms. Fagan at this time.

**E.  In The Absence of Any Other Cognizable Cause of Action, the Plaintiffs'
Third Cause of Action Alleging a Civil Conspiracy Between the
Defendants Must Also be Dismissed as a Matter of Law as to Defendant
Ms. Fagan.**

The clear language of the Plaintiffs' Amended Complaint, coupled with the

Plaintiffs' inability to support their separate RICO claims against Defendant Ms.

Fagan, makes clear that the Third Cause of Action should also be dismissed as to

Ms. Fagan at this time.

Civil conspiracy consists of a "combination of two or more persons acting in

concert to commit an unlawful act, or to commit a lawful act by unlawful means, the

principal element of which is an agreement between the parties to inflict a wrong

against or injury upon another, and an over act that results in damage." *Banco

Popular North America v. Gandi*, 184 N.J. 161, 174 (2005) (citations omitted).

Here, although the Plaintiffs' Third Cause of Action alleges an agreement by

the Defendants to defraud the Plaintiffs, the specific allegations of the Amended

Complaint, again even if viewed as accurate solely for the purposes of this motion,

set forth an alleged scheme which did not, in practice, include the Defendant Ms.

Fagan.  In this regard, the Plaintiffs seem to conflate their allegation that Ms. Fagan

was a beneficiary of the co-defendants' alleged scheme, with any actual involvement

of Defendant Ms. Fagan in the alleged misconduct described in the Amended

Complaint.  More specifically, the allegations of the Plaintiff's Third Cause of

Action focuses upon the alleged conduct of the co-defendants in manipulating the

28

Plaintiffs' online auction system and making certain misrepresentations in connection with that process.  (<u>See</u>, "Exhibit A" to Diehl Cert., at ¶¶261-269).   Ms. Fagan is not specifically referenced in the Third Count at all, but is included within the Plaintiffs' definition of "Buyer Defendants" in which the Plaintiffs attempt to conflate Ms. Fagan's purchase of a single property with the other eight (8) purchases with which the Plaintiffs concede Ms. Fagan had absolutely no involvement.  Setting aside the overbroad aspect of the definition for a moment, however, the Third Cause of Action actually argues that the civil conspiracy occurred *for the benefit of* the "Buyer Defendants" in lieu of due to any specific action of the "Buyer Defendants." This distinction is critical because, and again given the level of detail in the Plaintiffs' Amended Complaint, the alleged scheme alleged by the Plaintiffs involved efforts by Defendants Szumanski and Remedios to find buyers to whom the subject properties could be sold.  While it is acknowledged that the present motion must rely solely on the Plaintiffs' Amended Complaint, it is assumed that the omission of any alleged facts concerning Ms. Fagan being identified as an interested buyer was intentional and that the Plaintiffs will not be seeking to amend their Complaint further concerning the manner in which Ms. Fagan innocently learned of the auction for the Matawan property.  As such, and again while it is acknowledged that the present motion must rely on the pleadings alone, the omission of such specific allegations as to the Defendant Ms. Fagan clearly supports the absence of

any cognizable cause of action based in conspiracy as against the Defendant Ms. Fagan.

Separately, it also must be noted that, because it has already been shown that the alleged underlying wrong, the alleged RICO violations, cannot be substantiated as to Defendant Ms. Fagan, it is impossible for Ms. Fagan to be included as a Defendant in connection with an alleged conspiracy to undertake such alleged conduct. Accordingly, and for this reason as well, the Plaintiffs' conspiracy claim as to Defendant Ms. Fagan also fails as a matter of law.

As a result, it is respectfully submitted that the third and final Cause of Action as to Ms. Fagan must also be dismissed as a matter of law.

### F. The Plaintiffs Have Not Alleged Actual Harm or Injury And Therefore Do Not Have Standing to Bring the Present Claim.

In order to bring a claim under 18. U.S.C. § 1964(c), a plaintiff must show "proof of a concrete financial loss and not mere injury to a valuable intangible property interest." *Parness, supra*, 2015 U.S. Dist. LEXIS 109917, at *19 (*citing Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000)). Further, this Court has made clear that such a requirement is necessary in order to ensure that RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff. *Township of Marlboro v. Scannapieco*, 545 F.Supp.2d 452, 458 (D.N.J. 2008) (citation omitted); see also, *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991).

Further, general or non-specific allegations of harm are insufficient to sustain a claim under RICO.  *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC), 2009 U.S. Dist. LEXIS 58900, at *43 (D.N.J. July 10, 2009) (citing *Maio*, 221 F.3d at 483; *McLaughlin v. American Tobacco Co.*, 522 F.3d 215, 228-29 (2d Cir. 2008); *and District 1199P Health and Welfare Plan v. Janssen, L.P.,* 2008 U.S. Dist. LEXIS 103526, at *8 (D.N.J. Dec. 23) 2008)); *see also Spencer Forrest, Inc. v. Folica, Inc.*, Civil Action No. 07-2471 (AET), 2009 U.S. Dist. LEXIS 140118, at *16-18 (D.N.J. Feb. 11, 2009), *and Wolinetz v. Weinstein,* No. 08-5046, 2019 U.S. Dist. LEXIS 675, at *12 (D.N.J. Jan. 3, 2019). Allegations of injury that are merely conjectural or hypothetical do not suffice to confer standing.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Further, a claim of injury is generally too conjectural or hypothetical to confer standing when the injury's existence depends on the decision of third parties not before the Court.  *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976).

Here, the Plaintiffs' alleged damages are, at best, speculative.  Despite alleging that they have suffered damage to their reputation and goodwill, no concrete example of such damage being realized has been alleged[3].  Further, and as it pertains

---

[3] While it is acknowledged that such a decision is not binding upon this Court, the United States District Court for the District of Delaware previously held that such alleged losses to goodwill and

to the Plaintiffs' claims that they lost increased commission payments due to the allegedly low sales, such allegations ignore the fact that, as articulated both in the Amended Complaint and the purported terms of service attached as "Exhibit A" thereto, the seller which the Plaintiff alleges was deprived the benefit of a higher sale, PHH Mortgage, is not a party to this action and, had the absolute right to reject any buyer, even if that buyer had made the highest bid.  As a result, the Plaintiffs in this action have absolutely no basis to claim with confidence, nonetheless seek damages associated with, possible alternative sales which were never pursued and which could have been rejected by the seller for any, or no, reason at all.  As a result, the Plaintiffs have not, and cannot, show any concrete damage associated with the allegations of their Amended Complaint and, for this reason, the Plaintiffs' Federal and State RICO claims must also be dismissed both for a failure to state a viable cause of action and for a lack of standing, separate and apart from the complete absence of any basis to bring such claims specifically as to Defendant Ms. Fagan, as already been articulated herein.

### G. The Plaintiffs' Unclean Hands Also Prevent the Relief Sought by Plaintiffs.

Lastly, it is noted that the Plaintiffs' Amended Complaint concedes that the alleged conduct which is the subject of this action was facilitated by, and would not

---

business reputation are highly speculative and not permitted under Federal RICO. *Parker v. Learn Skills Corp.*, 530 F.Supp.2d 661, 678 (D. Del. 2008).

have occurred but for, the conduct of the Plaintiffs' officer Defendant Mr. Remedios and a prior employee of the Plaintiff RHSS Defendant Bellino.  In making such an admission through their pleadings, the Plaintiffs, who again do not have standing to bring the present claims, implicate a myriad of other considerations, including, but not limited to, the Plaintiffs' own negligence in permitting such alleged conduct to occur, as well as the Plaintiffs' own liability in connection with such representations and claims.  While such issues would certainly be addressed if this action was permitted to proceed, such admissions by the Plaintiffs prevent the Plaintiffs from recovering in this action as a matter of law.

Specifically, and while the various allegations of criminal conduct raised by the Plaintiffs are expressly denied, the Plaintiffs have, in making such improper allegations, conceded that their officer participated and facilitated such conduct.  The Supreme Court has held that, where a claimant under RICO has themselves violated RICO, the Court cannot assist in the mediation of a dispute between to the alleged wrongdoers.  *Bateman Eichler, Hill Richards, Inc. v. Berener*, 472 U.S. 299, 306 (1985).  As such, and again while any misconduct on the part of Defendant Ms. Fagan is absolutely denied, to the extent that the Plaintiffs have alleged that their own officer Defendant Remedios facilitated and participated in the alleged conduct which the Plaintiffs have claimed violated RICO, the Plaintiffs themselves are barred from seeking judicial relief in connection with any such claim.  As a result, and again

33

separate apart from the fact that the Amended Complaint otherwise fails as to Defendant Ms. Fagan, the Plaintiffs' Amended Complaint must be dismissed as a matter of law due to the Plaintiffs' unclean hands as well.

**<u>CONCLUSION</u>**

For all the foregoing reasons, the Defendant Ms. Fagan's Motion to Dismiss should be granted in its entirety, as a matter of law.

Respectfully submitted,

**BITTIGER ELIAS & TRIOLO P.C.**
Attorneys for Defendant, Holly Fagan

By:_____
    ROBERT A. DIEHL, ESQ.

Dated:        June 17, 2021