UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTISOURCE S.A.R.L., *et al.*, | Civ. No. 21-3293 (RK)(JBD) |
| Plaintiffs, | |
| v. | MEMORANDUM ORDER |
| MARTIN SZUMANSKI, *et al.*, | |
| Defendants. | |

Before the Court is plaintiffs' motion for leave to file a Second Amended Complaint ("SAC"). [Dkt. 215.] Defendants Martin Szumanski and Eva Chin oppose the motion, [Dkt. 226, 227], and defendants Joel Pascua and Samara Santos partially support it. [Dkt. 225.] The Court has reviewed the parties' submissions and considers the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, plaintiffs' motion is granted.

I. BACKGROUND AND PROCEDURAL HISTORY

This litigation is relatively complex and involves multiple parties. Plaintiffs operate an online home auction marketplace called Hubzu, which allows sellers to market and sell real estate to buyers and investors. In February 2021, plaintiffs commenced this action alleging that defendants fraudulently manipulated the online housing auctions over Hubzu to obtain properties at prices below fair market value in exchange for kickback payments and other valuable consideration. [Dkt. 1.] Plaintiffs allege that the scheme involved the coordination of three groups of

1

defendants: (i) the Buying Agent defendants; (ii) the Conspiring Employee defendants; and (iii) the Buying defendants. Essentially, the Conspiring Employee defendants (*i.e.*, employees of plaintiffs) would pass confidential pricing information for certain residential properties to certain real estate brokers (the Buying Agent defendants), who would in turn submit formal bids on behalf of their customers (the Buying defendants) that were materially below the sellers' confidential selling prices. Plaintiffs allege that this scheme resulted in the subject properties selling for significantly below the confidential selling prices.

After receiving complaints, plaintiffs say that they conducted an internal investigation and uncovered the scheme. As a result, plaintiffs allege the following damages: (i) the amount that plaintiffs say they were contractually obligated to pay their client sellers—*i.e.*, the difference between what the sellers should have received for their properties and what they actually received as a result of defendants' fraudulent scheme; (ii) damages equal to the difference between the commissions, premiums, and fees that plaintiffs say they should have received and what plaintiffs actually received as a result of the alleged fraudulent scheme; and (iii) damages to plaintiffs' reputation and goodwill.

After filing their initial complaint, plaintiffs filed a First Amended Complaint in May 2021, asserting seven causes of action. [Dkts. 6, 7.] Defendants—Martin Szumanski; Anthony Disano; Holly Fagan; Samara Santos; Joel Pascua; 1734 N Sawyer G LLC; 201-203 E 9th G LLC; 273 Liberty Ave G LLC; 343-345 E 3rd G, LLC; 540 S Clinton G LLC; 69 South 9th G LLC; Eva Chin; Kichan Lee; and

195 N 16th EC LLC—all moved to dismiss the First Amended Complaint. [Dkts. 35, 36, 38, 47, 61, 76.] On March 29, 2022, the Court granted in part and denied in part defendants' motions. [Dkt. 82.] The Court dismissed counts asserting fraud and violations of the Illinois Consumer Fraud Act. [Dkts. 82, 83.] As a result of the Court's order, plaintiffs' remaining claims against Szumanski, Lee, Remedios, and Bellino are: (i) a violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO); (ii) conspiracy to violate RICO; (iii) a violation of the New Jersey RICO statute; and (iv) conspiracy to violate the New Jersey RICO statute. Plaintiffs' civil conspiracy claim against all defendants also survived. [Dkts. 82, 83.]

After the Court held several status conferences with the parties in 2022, it administratively terminated the case on February 27, 2023 pending entry of an amended scheduling order. [Dkt. 146.] Thereafter, the Court entered a scheduling order and set a deadline of June 30, 2023 to move to amend the pleadings. [Dkt. 162.] Following a status call with the parties on June 29, 2023, the Court extended that deadline to August 31, 2023. [Dkt. 186.] Plaintiffs moved to amend their complaint by that deadline, but the Court denied the motion without prejudice, determining that further factual development through discovery was in order. [Dkts. 202, 203.] The Court set new discovery deadlines and in doing so, extended the deadline to move to amend the pleadings until November 30, 2023. [Dkt. 203.] Thereafter, plaintiffs timely moved to amend their complaint consistent with the revised deadline. [Dkt. 215.] That motion is now before the Court.

3

After plaintiffs filed their motion to amend, two defendants, Holly Fagan and Eva Chin, requested a settlement conference with the Court. [Dkts. 216, 217.] The Court scheduled such a conference and stayed defendants' deadline to respond to the motion to amend pending efforts to settle those parties' claims. Following the ensuing settlement conference, the Court extended defendants' deadline to file an opposition to the pending motion to amend to February 23, 2024. [Dkt. 224.] The motion is now fully briefed.

## II.   SUMMARY OF ARGUMENTS

Plaintiffs move to amend their complaint to add breach of contract and indemnification claims. [Dkt. 215.] Plaintiffs also propose to clarify the damages that they seek and to conform the operative complaint to the Court's prior opinion and order dismissing certain causes of action. *Id.* Specifically, in the proposed SAC, plaintiffs seek to bring (in addition to the claims that survived the motions to dismiss) claims for breach of contract against defendants Szumanski, Lee, Fagan, and Chin; and claims for indemnification against Szumanski, Lee, Fagan, Chin, Remedios, and Bellino, alleging that but for defendants' conduct, plaintiffs would not have been required to compensate their client sellers for the difference between the prices that the properties would have sold for and the depressed prices that defendants allegedly procured through fraud. [Dkt. 215-2.] Plaintiffs also seek to press the same indemnification-based damages theory in the context of their existing

4

RICO claims. *Id.* Finally, plaintiffs seek to re-organize their surviving claims in light of the Court's order on the motions to dismiss.[1]

Plaintiffs contend that their new claims for breach of contract and indemnification arise from the same operative facts and allegations of wrongdoing already set forth in their First Amended Complaint. [Dkt. 215] at 4. They further contend that defendants had notice of these claims because both rely on Hubzu's Terms and Conditions, which were submitted as an exhibit to the First Amended Complaint. *Id.*

Defendant Szumanski presents four arguments in opposition to the motion to amend. First, he argues that the motion is futile because plaintiffs lack standing to assert claims on behalf of third-party sellers. In this regard, he argues that plaintiffs' client sellers are the direct victims of the alleged fraud, so plaintiffs can only allege a "but for cause" that is insufficient to satisfy standing requirements. [Dkt. 226.] Defendants also argue that plaintiffs' claim of harm to their reputation and goodwill is not compensable under the federal and state RICO statutes and therefore are insufficient. *Id.* Second, Szumanski argues that plaintiffs acted with undue delay and bad faith in filing their motion because they were aware of the factual basis that supported these additional claims before they commenced this action and had subsequent opportunities to amend their complaint. *Id.* As such, Szumanski takes issue with "the court continually permit[ing] plaintiffs' to amend

---

[1] The Court recently entered a stipulation and order dismissing with prejudice all claims asserted against defendant Fagan. [Dkt. 237.] Accordingly, this Order authorizes plaintiffs to further revise the proposed SAC to eliminate, as appropriate, allegations and claims against Fagan.

its complaint over the past two years." *Id*. Third, Szumanski argues that he would be unfairly prejudiced because the proposed amendment would bring new claims and damages that would require additional discovery, increased expenses, and continued preparation years after the case commenced. *Id*. He also accuses plaintiffs of unfairly attempting to "stonewall" his requested discovery that plaintiffs have yet to answer. *Id*. Fourth, Szumanski claims that plaintiffs acted with dilatory motive because they waited until written discovery was substantially completed to add these new claims. *Id*.

Defendant Eva Chin also opposes plaintiffs' proposed motion and incorporates by reference all of Szumanski's arguments summarized above. [Dkt. 227.] She emphasizes that bringing new legal theories at this stage of the case would disrupt discovery, increase costs and expenses, and significantly derail the timeline for resolving this case. *Id*.

Finally, defendants Pascua and Santos on one hand, support the motion to the extent that plaintiffs seek to withdraw all RICO claims against them. [Dkt. 225] at 2. On the other hand, insofar as plaintiffs assert common law conspiracy claims against Pascua and Santos, those defendants reserve their rights to defend against those claims after any amended pleading is filed.

III. <u>LEGAL STANDARDS</u>

Rule 15(a)(2) permits a party to amend a pleading with the opposing party's written consent or with the Court's leave. Fed. R. Civ. P. 15(a)(2). The rule requires the Court to give leave to amend freely when justice so requires, and courts have

"consistently adopted a liberal approach to the allowance of amendments." *DLJ Mortgage Capital, Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). Nevertheless, the Court may deny a motion to amend if: (1) the amendment would be futile; (2) the movant demonstrates undue delay, bad faith or a dilatory motive; or (3) the amendment would cause undue prejudice to the opposing party. *See Simmermon v. Gabbianelli*, 932 F. Supp. 2d 626, 635 (D.N.J. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

    Where a proposed amendment is opposed on futility grounds, the Court must determine whether the amendment "would fail to state a claim upon which relief could be granted" by applying "the same standard of legal sufficiency as applies under [a] Rule 12(b)(6)" motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Importantly, however, "[t]his does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim," but just requires "that the newly asserted [claim] appear[s] to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Rodsan v. Borough of Tenafly*, Civ. No. 10-1923 (MAS), 2011 WL 2621016, at *17 (D.N.J. June 30, 2011) (second alteration in original) (quoting *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)).

    When assessing whether a movant demonstrates undue delay, bad faith, or dilatory motive, courts have considered, among other things, the duration of the case, the substantial effort and expense of resolving defendants' motion to dismiss an earlier pleading, and whether plaintiffs had ample opportunity to plead their

7

allegations properly and completely. *See e.g.*, *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998). Delay can become undue when it creates an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. *See e.g.*, *Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 253 (E.D. Pa. 2017). Thus, courts typically review, under the totality of the circumstances, the sufficiency of the movant's reasons for not amending sooner. *Id.*

When deciding whether to grant leave to amend, courts also consider whether the amendment would cause undue prejudice to the non-moving party. Courts typically assess any hardships the non-moving party will face if the amendment is allowed. *See Cureton v. Nat'l Collegiate Ath. Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). The non-moving party can establish undue prejudice by demonstrating that the proposed amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *Astrazeneca AB v. Perrigo Co. PLC*, Civ. No. 15-1057 (TJB), 2015 WL 8483298, at *3 (D.N.J. Dec. 9, 2015).

IV. DISCUSSION

Defendant Szumanski (joined by defendant Chin) argues that plaintiffs' motion should be denied on grounds of futility, undue delay, and undue prejudice. The Court considers each argument.

A. Futility

As noted above, defendants argue that the proposed amendments in the SAC are futile. First, defendants argue (in confusing fashion) that plaintiffs' proposed clarification of their damages theory, as well as their proposed breach of contract and indemnification claims, are futile because plaintiffs lack standing to bring those claims on behalf of their client sellers. Second, defendants argue that plaintiffs' claimed damages of harm to their reputation and goodwill are not cognizable under the RICO statutes.

As to the first argument, defendants misconstrue plaintiffs' indemnification-based claims. Plaintiffs assert damages theories and claims on behalf of themselves, not their third-party client sellers. Plaintiffs allege in the SAC that they were contractually obligated to indemnify their customers for the alleged fraudulent scheme and now seek to recoup those funds. As a result, plaintiffs allege, they have incurred direct economic harm from defendants' scheme. Accordingly, plaintiffs have standing to seek redress for their alleged out-of-pocket injuries, under both the RICO statutes and common law contract and indemnification principles. The Court already has rejected defendants' argument that plaintiffs lack standing to sue under

9

the federal RICO statute. [Dkt. 82] at 21.² Applying the same logic, plaintiffs' proposed clarification of their damages theory in the SAC is sufficient to confer standing. The Court therefore rejects defendants' standing arguments in opposition to the motion to amend.

The Court likewise rejects defendants' related (and equally confusing) argument that jurisdictional principles of alignment (or realignment) render plaintiffs' theory of indemnification-based damages futile. *See* [Dkt. 226] at 10-12. In essence, defendants argue that the client sellers (not plaintiffs) are the parties who suffered alleged direct harm, and that principles of re-alignment require the Court to consider the real party who suffered harm in determining whether subject-matter jurisdiction exists. *Id.* at 11-12 (quoting *Development Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 160 (3rd Cir. 1995)). But that is just another way of re-framing defendants' standing argument, which the Court rejects above. Because plaintiffs adequately allege that they suffered direct economic harm through their indemnification obligations, plaintiffs have standing to seek redress for that harm. Accordingly, realignment principles pose no barrier either to this Court's statutory jurisdiction or plaintiffs' proposed SAC.

Defendants' second futility argument fares no better. Assuming only for argument's sake that plaintiffs may not seek remedies for harm to their reputation

---

² The Court explained that plaintiffs had "a viable claim that Defendants' racketeering activity undercut the Impacted Proprieties' fair market values and proximately caused financial damages to Plaintiffs." [Dkt. 82.] Applying that logic, payments made to indemnify third-party sellers can be a direct financial loss to plaintiffs, who are now out of pocket the funds they used to indemnify their clients. *Id.*

10

and goodwill, the Court would not deny the motion to amend on that basis. *Cf. Resolution Trust Corp. v. DiDomenico*, 837 F. Supp. 623, 631 (D.N.J. Oct. 29, 1993) (explaining that under Supreme Court precedent, "a cause of action should not be dismissed at the pretrial stage if it merely appears that the plaintiff cannot obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted under a differently-stated legal theory") (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).  Available remedies can be addressed at trial through appropriate jury instructions on the proper scope of damages under applicable law.

The Court concludes that the proposed amendments in the SAC are not futile and so the Court will not deny the motion to amend on that basis.

B.   Undue Delay, Bad Faith, and Dilatory Motive

The Court likewise rejects defendants' claim of undue delay, bad faith, and dilatory motive.  Defendants claim that plaintiffs acted with undue delay and in bad faith because they had prior opportunities to amend their complaint.  While this case has been pending since 2021, defendants oversimplify its procedural history by stating simply that plaintiffs could have amended earlier.  Defendants fail to acknowledge that after the Court allowed plaintiffs to amend their complaint in June 2023, the Court on several occasions stayed the case for docket management purposes.  And as described above, the Court also repeatedly extended plaintiffs' deadline to amend; indeed, the Court denied without prejudice plaintiffs' earlier (and timely) motion to amend pending further factual development through discovery.  Plaintiffs purported "delay" in moving to amend the complaint, then,

11

was done with the Court's imprimatur. *See Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, Civ. No. 15-5477 (MCA) (LDW), 2017 WL 4404567, at *2 (D.N.J. Oct. 4, 2017) ("[P]laintiff's timeliness in seeking leave, within the deadline for amending pleadings proposed by the parties . . . and set by the Court pursuant to Rule 16, seems incongruous with [defendant's] argument that plaintiffs delayed in filing this motion."); *AstraZeneca,* 2015 WL 8483298, at *4 ("The Court would find it difficult to hold that a motion filed within the deadline set by the Court and known to the parties was the product of undue delay.").

Defendants also contend that plaintiffs were aware of the factual basis of these claims at the case's inception. Even if that is true, the Court sees no basis to find that plaintiffs engaged in undue delay by moving to amend in November 2023. This is particularly true given that the Court dismissed certain claims and provided clarity to all parties on what claims were deficient and what claims were sufficient. Requiring plaintiffs to file at the outset an all-encompassing complaint would be incompatible with the rule requiring the Court to freely permit amendments when justice so requires. The Court also does not find that plaintiffs acted in bad faith or with a dilatory motive because at the time plaintiffs submitted their proposed SAC, discovery was still ongoing and set to end in February 2024. [Dkt. 162.]

C.  <u>Undue Prejudice</u>

Finally, the Court concludes that defendants would not be unduly prejudiced by permitting plaintiffs' proposed amendments. Defendants' concern of prejudice is based on the assumption that the new claims would require significant additional

discovery. Defendants do not specify what this additional discovery may be and do not explain why this unspecified additional discovery would be so costly or burdensome as to cause "undue" prejudice. *See Cobra Enterprises, LLC v. All Phase Servs. Inc.*, Civ. No. 20-4750 (SRC), 2022 WL 214542, at *3 (D.N.J. Jan. 24, 2022) (explaining that defendant's references for the need of additional discovery does not necessarily amount to an undue burden or prejudice); *New England Petroleum Limited Partnership v. Daibes Oil, LLC*, Civ. No. 14-0726 (CCC), 2015 WL 13727905, at *3 (D.N.J. June 10, 2015) (explaining that although plaintiff's proposed amendments may result in additional discovery, it would not be unmanageable nor unduly prejudicial to the extent that it weighs against the general policy of freely granting leave to amend). If additional discovery is warranted for these new claims, the Court believes that it largely will overlap with discovery already undertaken or underway. And in any event, the Court concludes that any marginal prejudice or inconvenience in the form of additional discovery is not undue and is warranted in light of the rule requiring the Court to permit leave to amend liberally.

*****

Defendants have not established that plaintiffs' motion for leave to amend the complaint would be futile, that it was the product of cause undue delay, bad faith or dilatory motive, or that it would cause undue prejudice. Accordingly, the Court grants plaintiffs leave to file their proposed SAC.

For the reasons stated, it is on this 20th day of May, 2024.

ORDERED that plaintiffs' motion for leave to amend [Dkt. 215] is GRANTED; and it is further

ORDERED that in light of the Court's entry of a stipulation and order dismissing with prejudice all claims against defendant Holly Fagan [Dkt. 237], plaintiffs may, before filing their proposed Second Amended Complaint, further revise it solely for the purpose of eliminating, as appropriate, claims and allegations previously asserted against defendant Fagan; and it is further

ORDERED that plaintiffs shall file their Second Amended Complaint on or before May 31, 2024; and it is further

ORDERED that defendants shall file an answer or otherwise respond to the Second Amended Complaint on or before June 14, 2024.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

14